# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PONCE,<br><br>            Plaintiff,<br><br>     v.<br><br>AMTRAK RAILROAD COMPANY,<br><br>            Defendant. | Case No. 1:21-cv-01200-JLT-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION<br><br>(ECF No. 6)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff David Ponce ("Plaintiff") is a county jail inmate proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. On August 9, 2021, Plaintiff initiated this action. (Doc. 1.) On November 23, 2021, the Court issued a screening order finding that Plaintiff failed to state a claim upon which relief could be granted, Plaintiff was granted leave to amend. (Doc. 5.) On December 15, 2021, Plaintiff filed a First Amended Complaint which is currently before the Court for screening. (Doc. 6.)

**I.   Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous

1

or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Mos*s, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at the Kings County Jail.[1] The events in the complaint are alleged to have occurred in the City of Hanford and the City of Fresno, California. Plaintiff names the following defendants: Amtrak Railroad Company ("Amtrak"). (Doc. 6 at 1.)

In Claim I, Plaintiff asserts a violation of the Fourteenth Amendment for deprivation of life, liberty, or property; the Fifth Amendment for violation of his right to equal protection of the law and invasion of privacy; the Eighth Amendment for cruel and unusual punishment; and the Fourth Amendment for violation of his right to be free from unreasonable seizures. He alleges as follows:

> "I had a reservation #05822A on February 5, 2021. From Hanford, CA to Naperville, IL on train #719. I got on the train at 5:39 pm. I sat down. Conductor

---

[1] The complaint is unclear whether Plaintiff is a pretrial detainee or a convicted prisoner. Plaintiff was advised to inform the Court of his status but failed to do so in the FAC.

2

scanned my ticket. 15 min into the ride I get up to go to bathroom. I was sitted upstairs so, I went downstairs to use bathroom, that's when another employee see me enter the bathroom. Because I have tattoos and am Latino, 'racial discrimination.' They think that I got on without paying violating 14th U.S.C., 5th U.S.C., invasion of privacy. They began banging on bathroom door. I repeated announced my name and that I have a paid ticket. No one said anything. I feared for my life. I am bipolar and have schizophrenia. They tried to open the door with a crowbar. 8th U.S.C. I was locked in bathroom and I believed that I was fighting for my life. Dramatic physical, emotional, and mental harm. Fresno police used cruel and unusual punishment because of what was reported by Amtrak employees. I am in King County jail but not for what happened on the Amtrak. 4th I should of never been arrested they lied false police report. There was no crime committed. I did go to Amtrak to get my stuff and called to report it. It stayed on train. My stuff was lost due to result of the arrest."

(Doc. 6 at 4.) Plaintiff claims he "suffered homelessness" and the "racist act created dramatic physical emotional, and mental harm." (Doc. 6 at 6.) Plaintiff claims he has scars on his wrists, is in constant pain, was tortured, and suffered mental trauma and emotional distress. (*Id.*)

Plaintiff requests relief due to the actions of Amtrak that "they cover all emotional, mental, physical, punitive, and monetary damages suffered." (*Id.*)

**III.    Discussion**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim under the Fourteenth, Fifth, Eighth, and Fourth Amendments. Despite being provided the relevant pleading standards, Plaintiff has been unable cure deficiencies in the first amended complaint.

**A.  *Bivens* Claim**

Plaintiff's claims against Amtrak arise pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, (1971). In *Bivens*, the Supreme Court recognized a federal agent acting under the color of the law may give rise to a cause of action. *Id.* at 389.  The Supreme Court has recognized that "actions of private entities can sometimes be regarded as governmental action for constitutional purposes." *Lebron v. National R.R. Passenger Corp.*, 513 U.S. 374, 378 (1995). Amtrak has been considered a governmental entity by the Supreme Court. In *Lebron,* the Court determined that Amtrak was agency or instrumentality of United States for purposes of constitutional rights. The *Lebron* Court held that Amtrak, which was created by the federal government to serve governmental objectives, and was controlled by

3

the government since its creation, could be considered a part of the government for purposes of asserting a claim. *Id*. at 974–75 ("We hold that where, as here, the Government creates a corporation by special law, for the furtherance of governmental objectives, and retains for itself permanent authority to appoint a majority of the directors of that corporation, the corporation is part of the government for purposes of the First Amendment."); *see also Department of Transportation v. Association of American Railroads*, 575 U.S. 43 (2015) (considering the governmental control and supervision of Amtrak and holding that the corporation is a government actor for purposes of determining whether Congress could lawfully delegate authority to it to set certain railway metrics and standards). Therefore, *Bivens* is appears to be the proper authority in this case.

A *Bivens* claim is not available against a federal agency. *FDIC v. Meyer*, 510 U.S. 471, 486, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). Rather, under *Bivens*, a plaintiff may sue a federal officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights. *See Bivens*, 403 U.S. at 397. There is no *respondeat superior* liability under *Bivens*. *Iqbal*, 556 U.S. at 676-77 ("In a § 1983 suit or a *Bivens* action . . . the term "supervisory liability" is a misnomer.") A government official is only liable for his or her own misconduct. *Id*.; *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 566 U.S. 982 (2012); *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010). To state a claim under *Bivens*, a plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor. *See Van Strum*, 940 F.2d at 409.

Because there is no vicarious liability in a *Bivens* claim, and Plaintiff has only named Amtrak as a defendant, Plaintiff cannot maintain a claim against Amtrak under *respondeat superior*. *See Ward v. Nat'l R.R. Corp.,* 2018 WL 2966962, at *2 (E.D. Cal. June 8, 2018). Plaintiff must name individual Defendants and allege what each Defendant did or did not do that resulted in a violation of his constitutional rights to support a *Bivens* claim.  A *Bivens* claim is only authorized against federal individual actors.

While Plaintiff cannot establish a federal actor to maintain a *Bivens* claim, the Court will still evaluate whether a Plaintiff could properly state a cognizable constitutional claim.

4

**B.** *Bivens* Actions Following *Ziglar v. Abbasi*

To date, the Supreme Court has only recognized a *Bivens* remedy in the context of the Fourth, Fifth, and Eighth Amendments. *See Bivens*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (Fourth Amendment prohibition against unreasonable searches and seizures); *Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979) (Fifth Amendment gender-discrimination); *Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980) (Eighth Amendment Cruel and Unusual Punishments Clause for failure to provide adequate medical treatment). The Supreme Court has recently made clear that "expanding the *Bivens* remedy is now a disfavored judicial activity," and has "consistently refused to extend *Bivens* to any new context or new category of defendants. *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1857, 198 L.Ed.2d 290 (2017) (citations omitted). The Court recently emphasized that "for almost 40 years, we have consistently rebuffed requests to add to the claims allowed under *Bivens*." *Hernandez v. Mesa*, 140 S. Ct. 735, 739 (2020) (declining to recognize a *Bivens* remedy for claims under the Fourth and Fifth Amendments based on a cross-border shooting).

If a claim presents a new context in *Bivens*, then the court must consider whether there are special factors counseling against extension of *Bivens* into this area. *Ziglar*, 137 S.Ct. at 1857. The Supreme Court's precedents "now make clear that a *Bivens* remedy will not be available if there are 'special factors counselling hesitation in the absence of affirmative action by Congress.'" *Id.* Thus, "the inquiry must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Id.* at 1857–58. This requires the court to assess the impact on governmental operations system-wide, including the burdens on government employees who are sued personally, as well as the projected costs and consequences to the government itself. Id. at 1858. In addition, "if there is an alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new Bivens cause of action." *Id.*

**C.      Fourteenth Amendment: Due Process**

While Plaintiff alleges a Fourteenth Amendment Due Process violation, his allegations are

more accurately characterized as a Fifth Amendment Due Process claim, because Amtrak can be considered a federal agency. "The Fifth Amendment's due process clause only applies to the federal government." *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008); *see Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001) ("The Due Process Clause of the Fifth Amendment and the equal protection component thereof apply only to actions of the federal government.)

The Due Process Clause of the Fifth Amendment provides that no person may be "deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The Due Process clause has both a procedural protection and a substantive protection. "To show a procedural Due Process violation, [Plaintiff] must prove two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *United States v. 101 Houseco*, LLC, 22 F.4th 843 (9th Cir. Jan. 10, 2022) (internal quotation marks and citation omitted). To show a substantive Due Process violation, the government must have engaged in conduct that "shock[ed] the conscience ...." *George v. Edholm*, 752 F.3d 1206, 1217 (9th Cir. 2014) (quoting *Rochin v. California*, 342 U.S. 165 (1952)). To establish a violation of substantive due process ... a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare." *Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996).

Here, assuming without deciding that Plaintiff could state a *Bivens* claim, Plaintiff has not alleged sufficient facts to state a Due Process claim, even construing his allegations liberally and drawing all inferences in his favor. Plaintiff alleges that he was deprived of his property when he was arrested while on an Amtrak train. Plaintiff alleges that all of his possessions were with him on the train, and when he was arrested, he "lost" the property. Plaintiff claims he went "into the Amtrak to get stuff." To allege a constitutional violation, Plaintiff must allege that a federal actor deprived him of his property. Losing his property as the result of an arrest by an unnamed police officer fails to satisfy this requirement. Plaintiff has failed to allege that any conduct by a federal actor resulted in the loss of his property. Despite being provided the relevant standards, Plaintiffs

6

has been unable to cure this deficiency.

Plaintiff alleges that a false police report was prepared. To the extent that he is seeking state a federal claim on the submission of false police reports, the Due Process Clause itself does not contain any language that grants a broad right to be free from false accusations, but guarantees certain procedural protections to defend against false accusations. *Freeman v. Rideout,* 808 F.2d 949, 951 (2nd Cir. 1986); *see also, Hernandez v. Holt,* No. 1:20-CV-01127 AWI SAB, 2021 WL 809389, at *5 (E.D. Cal. Mar. 3, 2021), report and recommendation adopted, 2021 WL 2003133 (E.D. Cal. May 19, 2021). Plaintiff's allegation that the police reports were false fails to state a cognizable claim for violation of the Due Process clause.

### D.     Fifth Amendment: Equal Protection

Plaintiff claims Defendant violated his right to equal protection under the Fifth Amendment.

The Fifth amendment does not specifically contain an equal protection clause; however, it prohibits discrimination by the federal government that is so unjustifiable that it is violative of the due process clause. *Rostker v. Goldberg,* 453 U.S. 57, FN 3 (1981) (quoting *Schlessinger v. Ballard,* 419 U.S. 498, 500, n. 3 (1975)). The Fifth Amendment's guarantees regarding federal legislation is identical to that of the Fourteenth Amendment's guarantees regarding state legislation. *Weinberger v. Wiesenfeld,* 420 U.S. 636, 638 n. 2 (1975). The validity of a classification is examined the same under the Fifth and Fourteenth Amendments. *Weinberger,* 420 U.S. at 638. Accordingly, where there is a classification based explicitly on race, all racial classifications, imposed by a federal government actor will only be found constitutional if they are narrowly tailored measures that further a compelling government interest. *Adarand Constructors, Inc. v. Pena,* 515 US 200, 227 (1995).

The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne, Tex. v. Cleburne Living Ctr*., 473 U.S. 432, 439, (1985); *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that defendants intentionally discriminated against a plaintiff based on his membership in a protected class. *Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690,

702– 03 (9th Cir. 2009); *Serrano v. Francis*, 345 F.3d 1071,1082 (9th Cir. 2003),

Plaintiff claims unnamed employees of Amtrak violated his equal protection rights. As detailed above, Amtrak is considered a governmental entity and thus can be sued for violations of Plaintiff's constitutional rights. Plaintiff alleges that Amtrak employees racially discriminated against him by "thinking he got on without paying." Assuming without deciding that Plaintiff could state a *Bivens* claim for racial discrimination,[2] there are no facts to support that any Amtrak employees acted based on racial bias. Plaintiff does not allege that the employees made comments about his race, or that a person of another race was not treated equally. Therefore, the Court finds that he has failed to state a claim for violation of the Fifth Amendment. Despite being provided the relevant standards, Plaintiffs has been unable to cure this deficiency.

**E.  Eighth Amendment: Cruel and Unusual Punishment**

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII.  The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *Ingraham v. Wright*, 430 U.S. 651, 670 (1977); *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." *Whitley*, 475 U.S. at 319. However, the protection afforded by the Eight Amendment is limited to the unnecessary and wanton infliction of pain that occurs after incarceration. *Ingraham,* 430 U.S. at 669.

Here, as in the original complaint, Plaintiff cannot state a cognizable claim for cruel and unusual punishment as he was not incarcerated at the time of the incident. The details provided in Plaintiff's allegations show he was not imprisoned at the time. Therefore, Plaintiff fails to allege a cognizable Eighth Amendment claim.

///

---

[2] The Supreme Court has declined to extend a *Bivens* remedy for alleged due process violations and discrimination in "a race-discrimination suit against military officers. *Chappell v. Wallace*, 462 U.S. 296, 297, 304–305, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983)

**F. Fourth Amendment: Unreasonable Seizure**

Plaintiff also claims that his right to be free from an unreasonable seizure was violated. (Doc. 6 at 4.) It appears Plaintiff is alleging that excessive force was used by unnamed police officers during his arrest.

A claim of excessive force in the context of an arrest or investigatory stop implicates the Fourth Amendment right to be free from "unreasonable ... seizures." U.S. Const. amend. IV; see *Graham v. Connor*, 490 U.S. 386, 394, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Graham*, 490 U.S. at 396 (citations omitted). Whether a law enforcement officer's use of force was "objectively reasonable" depends upon the totality of the facts and circumstances confronting him. *Smith v. City of Hemet*, 394 F.3d 689, 701 (9th Cir.) (en banc) (quoting *Graham*, 490 U.S. at 397), cert. denied, 545 U.S. 1128 (2005).

A court must "first assess the quantum of force used to arrest the plaintiff by considering the type and amount of force inflicted." *Drummond v. City of Anaheim*, 343 F.3d 1052, 1056 (9th Cir. 2003) (internal quotation marks and brackets omitted). Second, a court balances the government's countervailing interests. This involves considering "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396. Using these factors, a court must determine "whether the force employed was greater than is reasonable under the circumstances." *Drummond*, 343 F.3d at 1058.

According to Plaintiff's first amended complaint, Plaintiff hid in the bathroom while Amtrak employees began banging on the door and then attempted to open the door with a crowbar. Plaintiff alleges he identified himself repeatedly but was too scared to open the door. Plaintiff fails to allege that any federal actor touched him in any way such that the conduct could be construed as excessive force. Plaintiff is advised that mere verbal harassment or abuse, including the use of racial epithets, does not violate the Constitution and, thus, does not give rise

to a claim for relief under 42 U.S.C. § 1983. *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987). Even verbal threats, without more, do not rise to the level of a constitutional violation. *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987). Plaintiff has been unable to cure this deficiency.

### G. No Leave to Amend

Despite being provided the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies. In the Court's original screening order, Plaintiff was informed that he must name individuals and clarify if Amtrak employees or Fresno County Police Officers engaged with Plaintiff while he was locked in the bathroom in his claim of excessive force. (ECF No. 5 p. 4.) Plaintiff was also instructed to include factual allegations identifying what happened, when it happened, and who was involved. (ECF No. 5 p.3.) Plaintiff has failed to do so. Further, Plaintiff cannot cure the Eighth Amendment claims, as he is not a convicted prisoner. In addition, Plaintiff cannot state a cognizable claim for a Due Process violation for "lost" property.

### IV. Conclusion

For the reasons stated, Plaintiff's first amended complaint fails to state a cognizable claim for relief. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in his complaint by amendment, and thus further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the

///

///

///

///

specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 27, 2022**                         /s/ Barbara A. McAuliffe            _
                                                                        UNITED STATES MAGISTRATE JUDGE

11